IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TAMIE GUZZO, | |
| Plaintiff, | Civil Action No. |
| v. | JURY TRIAL DEMANDED |
| PROSOURCE, INC., | |
| Defendant | |

## COMPLAINT
## INTRODUCTION

1. Plaintiff Tamie Guzzo ("Plaintiff") brings this action to obtain full and complete relief for Defendant's violation of the overtime pay requirements under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., ("FLSA").

## JURISDICTION AND VENUE

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331.

3. Pursuant to 28 U.S.C. § 1391 and Local Rule 3.1(B)(1)(a), venue is proper in this Court because a substantial part of the unlawful employment practices described herein were committed within the Atlanta Division of the United States District Court for the Northern District of Georgia.

## PARTIES

4. Plaintiff is a citizen of the United States of America, and a resident of the state of Georgia.

5. Defendant is a foreign corporation with a principle place of business in Atlanta, Georgia.

6. Defendant availed itself of the benefits and privileges of doing business within the state of Georgia.

7. Defendant may be served with process by delivering a copy of the Summons and Complaint to its registered agent, CT Corporation System at 1201 Peachtree Street, NE, Atlanta, Georgia 30361

8. Defendant is in the business of providing staffing solutions to transportation companies throughout the country.

9. Defendant is governed by and subject to 29 U.S.C § 206 and § 207.

10. At all relevant times, Defendant engaged in interstate commerce, and had at least $500,000.00 in annual gross volume of sales made or business done.

11. At all relevant times, Defendant was an "employer" under the FLSA as that term is defined by 29 U.S.C. § 203(d).

12. At all relevant times, Defendant employed Plaintiff and other employees who were engaged in commerce and/or the production of goods for commerce.

13. At all relevant times, Plaintiff was an "employee" of Defendant as that term is defined by 29 U.S.C. § 203(e).

## FACTUAL ALLEGATIONS

14. Plaintiff worked for Defendant from July 21, 2014 to January 10, 2017 as a Recruiter.

15. Plaintiff was paid a salary plus commissions.

16. Plaintiff consistently worked more than forty (40) hours per week, but was never paid time and one-half her regular hourly rate of pay for any time worked over 40 hours in a week.

17. Defendant misclassified Plaintiff as exempt from the FLSA's overtime pay requirements.

18. Plaintiff spent most of her time performing routine administrative work.

19. Plaintiff posted job advertisements to online job boards on behalf of Defendant's clients.

20. The job advertisements included information provided by the client (i.e., minimum qualifications, job duties, etc.).

21. When a prospect responded to a job advertisement, Plaintiff ran several pre-employment reports (e.g., motor vehicle reports, crash and roadside inspection reports, etc.), and provided that information to the client, and the client (not Plaintiff) decided which prospect to hire.

22. Plaintiff did not determine how much to pay prospects. The clients did this.

23. Plaintiff did not determine how much to bill clients. This was done by the owner of ProSource, Inc., Douglas C. Mills.

24. Plaintiff was scheduled to work a 40-hour week, but she consistently worked before and after her scheduled work hours and during her lunch breaks.

25. Defendant was aware that Plaintiff worked more than 40 hours in a week.

26. Plaintiff made and/or received phone calls, and sent and/or received emails during her alleged lunch breaks, and before and after her scheduled work shifts.

27. Defendant failed to keep track of Plaintiff's actual work hours.

## COUNT ONE
### (Fair Labor Standards Act ("FLSA"))
### (Failure to Pay Overtime Compensation)

28. Plaintiff incorporates the Factual Allegations as if fully restated here.

29. Defendant violated the FLSA by failing to pay Plaintiff overtime for all hours worked over 40 in a week.

30. Defendant misclassified Plaintiff as exempt from the FLSA's overtime pay requirements.

31. Plaintiff performed non-exempt work.

32. Plaintiff spent most of her time performing routine administrative work.

33. Defendant suffered and/or permitted Plaintiff to work in excess of the 40 hours she was scheduled to work each week.

34. Defendant knew Plaintiff worked overtime.

35. Plaintiff made and/or received phone calls and sent and/or received emails during her lunch breaks, and before and after her scheduled work shifts.

36. Defendant willfully disregarded its obligations under the FLSA.

37. Defendant intentionally misclassified Plaintiff as an "exempt" employee to avoid paying her overtime.

38. At all relevant times, Defendant was required to keep and maintain accurate records of Plaintiff's actual work hours.

39. At all relevant times, Defendant failed to maintain accurate time records in violation of the FLSA's recordkeeping requirements.

40. As the direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered a loss of income and other damages.

41. Plaintiff is entitled to back wages, liquidated damages in an equal amount, attorneys' fees and costs, and such other legal and equitable relief as the Court deems just and proper.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for the following relief as against Defendant:

A. A judgment in favor of Plaintiff for unpaid wages, liquidated damages, prejudgment interest on unpaid wages, and reasonable attorneys' fees and costs in accordance with the FLSA;

B. Judgment against Defendant that Defendant's violations were willful;

C. Such other and further relief as this Court may deem just and proper.

Date: May 18, 2017

                                            Respectfully submitted,

                                            SMITH LAW, LLC

                            By:   /s/ Louise N. Smith
                                  Louise N. Smith
                                  Georgia Bar No. 131876
                                  William J. Smith
                                  Georgia Bar No. 710280
                                  *Counsel for Plaintiff*

3611 Braselton Hwy., Ste. 2020
Dacula, GA 30019
T: (678) 690-5299
F: (844) 828-5615
louise@smithlaw-llc.com
william@smithlaw-llc.com

## DEMAND FOR JURY TRIAL

Pursuant to Fed.R.Civ.P. 38(b), Plaintiff demands a trial by jury.

>Respectfully submitted,
>
>SMITH LAW, LLC
>
>By: /s/ Louise N. Smith
>     Louise N. Smith

## **FONT AND POINT VERTIFICATION**

I hereby certify that the within and foregoing COMPLAINT was prepared using Times New Roman, 14-point font in accordance with LR 5.1(B). This 18th day of May, 2017.

                                        Respectfully submitted,

                               By:  /s/ Louise N. Smith
                                       Louise N. Smith

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this 18th day of May, 2017 served all the parties in this matter with the foregoing COMPLAINT by personal service pursuant to Fed. R. Civ. P. 4.

                                                By:   /s/ Louise N. Smith
                                                            Louise N. Smith